UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

| | |
|---|---|
| COREY CARLI NEWMAN,<br>a/k/a CORY NEWMAN,[1]<br><br>Petitioner,<br><br>v.<br><br>MICHAEL SEPANEK, WARDEN,<br><br>Respondent. | Civil Action No. 14-100-HRW<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

\*\*\*\*    \*\*\*\*    \*\*\*\*    \*\*\*\*

Corey Carli Newman, a/k/a Cory Newman, is an inmate confined by the BOP in the Federal Correctional Institution located in Ashland, Kentucky. Newman has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his federal sentence resulting from his conviction for several drug and ammunition offenses. [D. E. No. 1] Newman has also filed two motions, a "Motion for Clerk's Entry of Default" [D. E. No. 2] and a "Motion for default Judgment" [D. E. No. 3] Newman has paid the $5.00 filing fee. [D. E. No. 1]

The Court reviews the § 2241 petition to determine whether, based on the face of the petition and any exhibits attached thereto, Newman is entitled to relief.

---

[1] The petitioner identifies himself as "Corey Carli Newman," [D.E. No. 1, p. 1], but the Bureau of Prisons ("BOP") identifies Newman, BOP Register No. 12862-171, as "Cory Newman." *See* http://www.bop.gov/inmateloc/(last visited on October 7, 2014). The Clerk of the Court will be instructed to list "Cory Newman" as an alias designation for the petitioner.

1

*See* Rule 4, Rules Governing 28 U.S.C. § 2254 Cases; (applicable to § 2241 petitions under Rule 1(b)). *See, e.g., Patton v. Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979); *see also* 28 U.S.C. § 2243. A district court may summarily dismiss a petition if it appears from its face that the petitioner is not entitled to relief. *See* 28 U.S.C. § 2243; *Blevins v. Lamanna*, 23 F. App'x 216, 218 (6th Cir. 2001); *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970).

The Court has reviewed Newman's petition, but determines that Newman has not alleged facts as to any of his claims that would entitle him to relief under § 2241. The Court will also deny as moot Newman's two pending motions.

## NEWMAN'S CRIMINAL HISTORY

On June 27, 2005, Newman pleaded guilty in a South Carolina federal court to one count of conspiracy to possess with intent to distribute a mixture of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846; one count of possession of equipment and chemicals used to manufacture a controlled substance/aiding and abetting in violation of 21 U.S.C. § 843(a)(6) and 18 U.S.C. § 2; and one count of possession of ammunition by a convicted felon in violation of 18 U.S.C. §§ 922(g), 942(a), and 924(e). *United States v. Corey Newman*, No. 6:04-CR-01127-GRA-8 (S.D.S.C. 2004) [R. 124, therein]

On October 17, 2005, the district court imposed a 151-month prison sentence on each count, and ordered the terms to run concurrently. [R. 175, therein] The Criminal Judgment further provided that Newman's 151-month federal sentence "...shall be concurrent to the state sentence the defendant is currently serving and the state facility is designated as the federal incarceration location." [*Id.*, p. 2, therein]

On January 26, 2011, Newman filed a motion seeking a reduction of his sentence under 18 U.S.C. § 3582(c)(2), based on Amendment 742 to the United States Sentencing Guidelines ("Sentencing Guidelines"). [R. 229, therein] In that motion, Newman also challenged the predicate offenses used to enhance his federal sentence, arguing that at sentencing, the district court improperly used his prior convictions to increase his criminal history points. [*Id.*] On February 4, 2011, the district court denied Newman's motion for a sentence reduction, finding that because Amendment No. 742 did not apply retroactively to the Sentencing Guidelines, no grounds existed for reducing Newman's sentence under § 3582. [R. 232, pp. 3-4, therein] The district court further construed Newman's challenge to the term of his sentence as a collateral challenge which fell under 28 U.S.C. § 2255, *id.*, at pp. 4-5, and indicated that such a construed motion would likely be

time-barred, *id.*, pp. 5-7, but the district court gave Newman twenty (20) days in which to object to the re-characterization before ordering it to be done. *Id.*, pp. 7-8.

On February 25, 2011, the clerk of the district court docketed Newman's previously filed January 26, 2011, § 3582(c)(2) motion (in which he had requested a sentence reduction) as a motion to vacate his sentence under 28 U.S.C. § 2255. [R. 244, therein] On March 18, 2011, the district court denied Newman's § 2255 motion on the grounds that it was barred by the one-year statute of limitation set forth in 28 U.S.C. 2255(f)(1). [R. 251, therein] Newman appealed, but on June 21, 2011, the Fourth Circuit Court of Appeals affirmed the denial of his § 2255 motion. [R. 255, therein] On May 23, 2012, Newman filed a second § 2255 motion [R. 261, therein], which the district court dismissed for lack of jurisdiction as an unauthorized second or successive § 2255 motion. [R. 262, therein] On November 6, 2012, the Fourth Circuit affirmed the dismissal. [R. 285, therein]

While his second appeal was pending, Newman filed a motion for relief from his sentence based on *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011). [R. 274, therein] The district court denied that motion, finding that it lacked jurisdiction to consider the motion while Newman's case was on appeal. [R. 275, therein] After the Fourth Circuit's ruling, Newman filed another § 2255

4

motion, which the district court construed as a second or successive § 2255 motion and dismissed for lack of jurisdiction on December 19, 2012. [R. 288, therein]

On January 10, 2013, Newman filed a motion seeking reconsideration of that dismissal. [R. 291, therein] On January 14, 2013, the district court denied the motion, finding that Newman had not alleged any facts that would warrant relief under Federal Rule of Civil Procedure 59(e), and that the dismissal of the motion was correct because it lacked jurisdiction to entertain an unauthorized second or successive § 2255 motion. [R. 294, therein] Newman again appealed. [R. 296, therein] On April 2, 2013, the Fourth Circuit denied Newman a certificate of appealability, finding that he had not shown that the district court's ruling amounted to a denial of a constitutional right. [R. 303, therein]

## CLAIMS ASSERTED IN THE § 2241 PETITION

Newman asserts three arguments in his §2241 petition. First, Newman seeks relief from his federal sentence, alleging that that it exceeds the statutory maximum of 10 years (120 months) set forth in 18 U.S.C. § 924(a)(2) by thirty-one (31) months. Newman claims that the district court improperly enhanced his sentence under the federal sentencing guidelines, and that it determined facts as to drug quantity that should have been determined by a jury. Newman alleges that the enhancement of his sentence violates his right to due process of law, guaranteed by

5

the Fifth Amendment of the U.S. Constitution, and his right to have a jury determine any facts that increase the term of his sentence, guaranteed by the Sixth Amendment of the U.S. Constitution

In support of this argument, Newman cites the United States Supreme Court's decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2013). In *Alleyne*, the Supreme Court held that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." *Id.* at 2155. Newman contends that because *Alleyne* applies retroactively and affords his relief from his sentence, this Court should vacate his part of his sentence pursuant to 28 U.S.C. § 2241.

Second, Newman alleges that the BOP has failed to credit his sentence with "six" months[2] of pre-sentence credit to which he is entitled, in violation of 18 U.S.C. § 3585(b)(1). [D. E. No. 1, pp. 4-6] Newman contends that the BOP is depriving him of pre-sentence credit for the time which he claims that he spent in federal custody between May 17, 2005 and October 17, 2005, and he asks this Court to redress the BOP's error. He alleges, however, that the district court "…has the authority to correct this error by way of adjustment under USSG § 5G1.3(c)(2002)", *id.*, at p. 6, and cites the case of *Ruggiano v. Reish*, 307 F.3d 121 (3rd Cir. 2002) in support of his contention. Newman alleges that *Ruggiano* holds

---

[2] The Court notes that the time-period between May 17, 2005 and October 17, 2005, would be only five months, not six months as Newman has alleged.

that a district court has authority under USSG § 5G1.3(c) to adjust a federal sentence for time served on a state sentence by way of a "departure" or "credit," and that the prisoner-petitioner in *Ruggiano* did in fact receive a 14-month credit on his federal sentence for time served on his state sentence. [*Id.*, p. 6]

Third and finally, Newman alleges that pursuant to 18 U.S.C. § 3582(c)(2), he is entitled to two-point reduction of his criminal history based on USSG § 2D1.1. [D.E. No. 1, pp. 7-8] Specifically Newman claims that his offense level should be reduced from 31 (which provides for a prison range of 151-188 months) to 29 (which provides for a prison range of 121-151 months).

## DISCUSSION
### 1. Newman's First Argument Lacks Merit

As a general rule, 28 U.S.C. § 2255 provides the correct avenue to challenge a federal conviction or sentence, whereas a federal prisoner may file a § 2241 petition if he is challenging the execution of his sentence (*i.e.*, the BOP's calculation of sentence credits or other issues affecting the length of his sentence). *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001); see also Charles Chandler, 180 F.3d 753, 755–56 (6th Cir. 1999). The Sixth Circuit has explained the difference between the two statutes as follows:

> [C]ourts have uniformly held that claims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentence shall be filed in the [jurisdiction of the] sentencing court under 28 U.S.C. § 2255, and that claims seeking to challenge the execution or

> manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241.

*Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009) (internal quotation marks omitted).

In short, 28 U.S.C. § 2255 provides the primary avenue for federal prisoners seeking relief from an unlawful conviction or sentence, not § 2241. *See Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003). As to Newman's first and third arguments, he is not challenging the manner in which the BOP is executing his sentence, such as the computation of sentence credits or parole eligibility, issues which fall under the ambit of § 2241. Instead, in his first argument, Newman contends that based on the holding in *Alleyne*, his 151-month sentence violates both his right to due process of law and his right to a trial by jury as to any element that would increase his sentence. On this issue, Newman does not allege facts which would warrant any form of relief under § 2241.

By asserting a claim under *Alleyne*, Newman is challenging the constitutionality of his 151-month sentence on Fifth and Sixth Amendment grounds, under § 2241 by way of the "savings clause" of § 2255(e). However, § 2241 is not the proper mechanism for making those claims. A federal prisoner may challenge the legality of his detention under § 2241 only if his remedy under §

2255(e) is found to be inadequate or ineffective. *Wooten v. Cauley*, 677 F.3d 303, 306-07 (6th Cir. 2012); *Charles*, 180 F.3d at 756. This exception does not apply where a prisoner fails to seize an earlier opportunity to correct a fundamental defect in his or her convictions under pre-existing law, or actually asserted a claim in a prior post-conviction motion under § 2255 but was denied relief. Charles, 180 F.3d at 756. Further, a prisoner proceeding under § 2241 can implicate the savings clause of § 2255 if he alleges "actual innocence," *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003), and a petitioner may only pursue a claim of actual innocence under § 2241 when that claim is "based upon a new rule of law made retroactive by a Supreme Court case." *Townsend v. Davis*, 83 F. App'x 728, 729 (6th Cir. 2003). "It is the petitioner's burden to establish that his remedy under § 2255 is inadequate or ineffective." *Charles*, 180 F.3d at 756.

Newman contends that his § 2255 motion was inadequate or ineffective because *Alleyne*, decided long after his first § 2255 motion was denied, supports his argument that the district court improperly enhanced his sentence. Newman argues that he had a constitutional right to have all elements used to increase his penalty charged in the indictment and proven beyond a reasonable doubt to the jury. If Newman were currently arguing that particular sentencing issue on direct appeal of his sentence, he could likely invoke *Alleyne* as support for his argument.

Newman, however, asserts this particular sentencing claim in a § 2241 petition, which is merely a collateral challenge to his sentence. Unfortunately for Newman, on June 24, 2014, the Sixth Circuit Court of Appeals joined numerous other appellate courts in holding that *Alleyne* does not apply retroactively to cases on collateral review. *See In re Mazzio*, 756 F.3d 487, 489-91 (6th Cir. 2014); *United States v. Winkelman*, 746 F.3d 134, 136 (3d Cir. 2014); *United States v. Redd*, 735 F.3d 88, 91–92 (2d Cir. 2013) (*per curiam*); *United States v. Stewart*, 540 F. App'x 171, 172 n.* (4th Cir. 2013) (*per curiam*); *In re Payne*, 733 F.3d 1027, 1029 (10th Cir. 2013) (*per curiam*); *In re Kemper*, 735 F.3d 211, 212 (5th Cir. 2013) (*per curiam*); *Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013).

Further, Newman does not allege that he is actually innocent of the underlying drug and ammunition offenses to which he pleaded guilty; he contends only that the district court improperly enhanced his sentence in violation of his due process rights and in violation of his right to a trial by jury on the issue of drug quantity. Even were this Court were able to assume that the district court improperly enhanced Newman's sentence, the savings clause may only be applied when the petitioner makes a claim of actual innocence. Claims of sentencing error do not qualify as "actual innocence" claims under § 2241. *See Bannerman v. Snyder*, 325 F.3d 722, 724 (2003); *Hayes v. Holland*, 473 F. App'x 501, 502 (6th

Cir. 2012) ("Hayes does not assert that he is actually innocent of his federal offenses. Rather, he claims actual innocence of the career offender enhancement. The savings clause of section 2255(e) does not apply to sentencing claims"). Simply put, the savings clause of § 2255 extends only to petitioners asserting actual innocence claims as to their convictions, not their sentences. *Jones v. Castillo*, 489 F. App'x 864, 866 (6th Cir. 2012); *Mackey v. Berkebile*, No. 7:12-CV-10-KSF, 2012 WL 4433316 (E.D. Ky. Sept. 25, 2012), *aff'd*, No. 12-6202 (6th Cir. March 15, 2013) (holding that sentencing error claims do not qualify as claims of actual innocence under the savings clause). Thus, Newman's *Alleyne* claim is not one that entitles him to relief from his 151-month sentence under § 2241.

### 2. Newman's Second Argument Lacks Merit

Newman alleges that the BOP has denied him five months credit on his federal sentence for the time which he served in federal custody between May 17, 2005, and October 17, 2005 (the date on which he was sentenced). While Newman's argument on this issue is truly a "sentence-credit" claim which properly falls under the ambit of § 2241, his argument nevertheless fails on the merits.

The docket sheet from Newman's federal criminal proceeding shows that on May 3, 2005, the Magistrate Judge in the South Carolina district court issued *writ of habeas corpus ad prosequendum* directing the Warden of the South Carolina

Department of Corrections-Ridgeland to deliver Newman from state custody to the custody of the U.S. Marshal Service "...from time to time as the defendant may be needed until the action [Criminal Case No. 6:04-1127] is concluded...." *See* Newman Criminal Action, No. 6:04-CR-1127 (S.D.S.C. 2004) [R. 92, therein]. The writ further provided that the U.S. Marshal Service "...shall produce the defendant before the court at such time and place as may be designated by the court for proceedings in this case, and upon conclusion of the case said Marshal shall return the defendant to his present place of confinement." [*Id.*]

Newman alleges that he arrived in federal custody on May 17, 2005, and that assertion is likely correct, as the docket sheet reveals that on that date, Newman personally appeared in the district court for his arraignment. [R. 100, therein] Thus, it is clear from the district court's record that between May 17, 2005, and October 17, 2005 (the latter date being the date on which Newman's federal sentence was imposed), Newman was only secondarily in federal custody pursuant to a *writ of habeas corpus ad prosequendum* for his federal criminal case.

When a prisoner is taken into federal custody pursuant to a *writ of habeas corpus ad prosequendum*, the state retains primary jurisdiction over him, and primary jurisdiction is not transferred to federal authorities. *Huffman v. Perez*, 230 F.3d 1358, 2000 WL 1478368, at *2 (6th Cir. September 27, 2000) (Table); *United*

*States v. Evans*, 159 F.3d 908, 911–12 (4th Cir. 199); *Wardell v. Wilson*, No. 10-294-GFVT, No. 10-CV-294-GFVT, 2011 WL 6027072, at *3 (E.D. Ky. Dec. 5, 2011). During the five-month period of time at issue here, Newman was only "borrowed" by federal authorities (the U.S. Marshals Service) while in their custody under *writ of habeas corpus ad prosequendum*, and during that time, he remained in the primary custody of the State of South Carolina. As the writ *of habeas corpus ad prosequendum* itself clearly states, the U.S. Marshals Service was required to return Newman to state custody when Newman's federal case had concluded (on October 17, 2005), because the imposition of the federal sentence did not discharge Newman of his obligation to satisfy the remaining, or "undischarged," portion of his state sentence.

Under these facts, the State of South Carolina would have credited Newman's state sentence with the time he served in custody between May 17, 2005, and October 17, 2005, while he was only secondarily in federal custody pursuant to the *writ of habeas corpus ad prosequendum*. Title 18 U.S.C. § 3585(b) permits credit against a federal sentence only for time "that has not been credited against another sentence," meaning that time which has previously been credited towards service of a state sentence may not be "double counted" in credit against a federal sentence. *See Nguyen v. Department of Justice*, 173 F.3d 429 (Table),

1999 WL 96740 (6th Cir. Feb. 3, 1999) (Unpublished decision) (holding that time spent in federal custody pursuant to a *writ of habeas corpus ad prosequendum*, while serving a state sentence, cannot be applied to a federal sentence because the time has been credited to the state sentence); *Broadwater v. Sanders*, 59 F. App'x 112, 113–14 (6th Cir. 2003). Therefore, crediting Newman's 151-month federal sentence with five months of time which he spent in primary state custody between May 17, 2005, and October 17, 2005, and for which he received credit on his state sentence, would result in him receiving improper double credit, a result which § 3585(b) prohibits. *See, e.g., Huffman v. Perez*, 230 F.3d 1358, 2000 WL 1478368, at *2 (6th Cir. Sept. 27, 2000); *McClain v. Bureau of Prisons*, 9 F.3d 503, 505 (6th Cir. 1993); *Garrett v. Snyder*, 42 F. App'x 756 (6th Cir. 2002).

Newman is thus not entitled to the five months of credit which he is seeking on his federal sentence for time he served in primary state custody between May 17, 2005, and October 17, 2005.

### 3. Newman's Third Argument Lacks Merit

In his third argument, Newman alleges that he is entitled to a sentence reduction under 18 U.S.C. § 3582 (c)(2). This claim lacks merit because numerous courts, including this one, have consistently held that challenges based on issues relating to the Sentencing Guidelines cannot be raised in a § 2241 petition, but

should instead be brought in the sentencing court by filing a motion requesting a sentence reduction pursuant to § 3582(c)(2). *See Ono v. Pontesso*, 162 F.3d 1169, 1998 WL 757068 at * 1 (9th Cir., October 26, 1998) (Table) (court lacked jurisdiction over § 2241 petition, seeking reduced sentence based on Guidelines amendment, as "[s]uch a request is most appropriately brought as a motion under 18 U.S.C. § 3582"); *Williams v. Sepanek*, 13-CV-69-HRW (E.D. Ky. July 9, 2013) (rejecting § 2241 petitioner's request for a sentence reduction premised on 18 U.S.C. § 3582(c)(2). and instructing him to pursue such relief in the district court where he was sentenced); *Jackson v. Wilson*, No. 10-CV-39–GFVT, 2010 WL 1038070, at *2 (E.D. Ky. Mar. 17, 2010) (instructing the § 2241 petitioner to pursue his request for a reduced sentence by filing a § 3582(c)(2) motion in the trial court); *Smith v. Fondren*, No. 09-CV-0764 (PJS/RLE), 2009 WL 2171109 (D. Minn. July 20, 2009) (dismissing § 2241 petition and instructing prisoner to pursue sentence reduction request in the court where he was sentenced); *Anderson v. United States*, No. 1:07-CV-942, 2008 WL 1836673 at *1-2(E.D. Tex., April 23, 2008) (dismissing § 2241 petition asserting claims based on amendment to the sentencing guidelines because those claims should have been raised in a § 3582(c) motion in the trial court); *Thomas v. Hulick*, Civil No. 08-CV-129-MJR, 2008 WL 4371300 at *3 (S.D. Ill., September 19, 2008) (same); *White v. Sherrod*, No. 07-

15

CV-882-DRH, 2008 WL 2626565 at *2 (S.D. Ill., June 26, 2008) (same); *Cloman v. O'Brien*, No. 7:08-CV-329, 2008 WL 2345001 at *1 (W.D. Va., June 6, 2008) (same).

Newman is therefore improperly seeking relief in this Court under § 3582 (c)(2). He should pursue any request for a sentence reduction under § 3582 (c)(2) in the South Carolina district court where he was sentenced. Newman's third argument does not allege facts which would entitle him to relief under § 2241.

In summary, Newman has not established that his remedy under § 2255 was inadequate or ineffective to challenge his federal detention; has not he alleged a valid claim of actual innocence which would afford him relief under § 2241; and he has not demonstrated that he is entitled to the sentence credit which he seeks. The Court will therefore deny Newman's § 2241 habeas petition; deny as moot Newman's Motion for Clerk's Entry of Default" and his "Motion for Default Judgment;"[3] and dismiss this proceeding.

## CONCLUSION

Accordingly, **IT IS ORDERED** that:

---

[3] Newman's motion for default judgment will be denied as moot, but the Court notes that a default judgment is unavailable in a habeas corpus case on the ground that government officials failed to file a response to the petition. *See, e.g., Allen v. Perini*, 424 F.2d 134, 138 (6th Cir.1970); *United States v. Johnson*, No. 08-CV-2216-STA-tmp, No, 06-CR-20198-JDB, 2011 WL 2682111, at *1 (W.D. Tenn. July 11, 2011); *Wilbon v. Romanowski*, No. 07-12780, 2008 WL 1932031, at *1 (E.D. Mich. May 01, 2008).

1. The Clerk of the Court shall list "Cory Newman" as an alias designation for Petitioner Corey Carli Newman;

2. Petitioner Corey Carli Newman's "Motion for Clerk's Entry of Default" [D. E. No. 2] and "Motion for Default Judgment" [D. E. No. 3] are **DENIED** as **MOOT**;

3. Newman's 28 U.S.C. § 2241 petition for a writ of habeas corpus [D. E. No. 1] is **DENIED**;

4. The Court will enter an appropriate Judgment; and

5. This habeas proceeding is **DISMISSED** and **STRICKEN** from the Court's docket.

This October 16, 2014.

Signed By:
*Henry R. Wilhoit, Jr.*
**United States District Judge**